IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| -vs- | ) Criminal No. 18-104 |
| | ) |
| TORY BRYANT | ) |
| | ) |

AMBROSE, Senior District Judge.

## **MEMORANDUM ORDER OF COURT**

Defendant Tory Bryant ("Bryant") was sentenced on September 19, 2019 on one count of possession with intent to distribute a quantity and mixture and substance containing a detectable amount of heroin, fentanyl, and cocaine base, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C). He was sentenced to 18 months of imprisonment and 6 years of supervised release. Supervised release commenced on August 7, 2020. Thereafter, Bryant violated the terms of his supervised release in several respects, including testing positive for cannabinoids on October 29, 2020, failing to report for scheduled urinalyses on December 31, 2020, January 7, 2021, and February 1, 2021, and possession of a small amount of marijuana on February 17, 2021. Bryant received verbal and written reprimands for his non-compliance and was directed to schedule and complete a Substance Use Evaluation and to follow the treatment plan recommended. (ECF Nos. 42, 44, 46, 48).

Thereafter, Probation filed a Petition for Warrant or Summons for Offender based upon additional violations. (ECF No. 49). Specifically, on August 28, 2021, Bryant was

1

arrested for resisting arrest, escape, defiant trespass, and prohibited acts. According to a report issued by the Pittsburgh Police Department, Bryant had been involved in a large fight and was observed waving a firearm with an extended magazine at the crowd. This Court granted the Petition and an arrest warrant was issued, leaving bond at the discretion of the Magistrate Judge. (ECF Nos. 50, 51). Bryant was arrested on November 22, 2021 while appearing at the Allegheny County Courthouse on matters underlying the Petition.

Bryant then appeared via video before Magistrate Judge Kelly on December 3, 2021. Bryant waived the preliminary hearing and the Court proceeded to address the issue of detention. Following a hearing, Judge Kelly ordered that Bryant be released with certain restrictions. Specifically, Judge Kelly amended the conditions of Bryant's supervised release by confining him to home detention (subject to enumerated exceptions) and location monitoring technology. (ECF No. 62).

The Government appealed, filing a Motion for Revocation of Order of Pretrial Release (ECF No. 64), requesting a stay of Judge Kelly's Order, which was granted. Bryant has filed a Response. (ECF No. 67). Accordingly, this matter is ripe for resolution.

According to Federal Rule of Criminal Procedure 46(d), "the issue of whether or not to grant the defendant bail pending a hearing on a violation of probation or supervised release is controlled by Rule 32.1(a)(6), which provides that the magistrate may release or detain the person facing revocation pending further proceedings under 18 U.S.C. 3143(a)(1). *United States v. Ruiz-Morales*, Crim. No. 14-152, 2020 WL 2089657, at * 2 (D. Puerto Rico Apr. 30, 2020). "In turn, Section 3143(a)(1) states that

the judicial officer shall order a person who is awaiting imposition or execution of sentence be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of other person or the community if released under Section 3142(b) or (c)." *Ruiz-Morales*, 2020 WL 2089657, at * 2. There is a rebuttable presumption in favor of detention. *United States v. Smith*, 34 F.Supp.3d 541, 544 (W.D. Pa. 2014). Consequently, Bryant bears the burden of demonstrating that, if released, he will not flee or pose a danger to any other person or to the community. *United States v. Smith*, Crim. No. 8-376, 2020 WL 2747671, at * 2-3 (W.D. Pa. May 27, 2020).

      Having reviewed the parties' submissions, Judge Kelly's Order, and the transcript of the hearing, I find that no additional hearing is necessary given Judge Kelly's thorough discussion of the issues. As Judge Kelly noted, Bryant was compliant while on supervised release with going for substance abuse assessment and no treatment was recommended. He continued to work until detained and employment remains available to him. Further, past violations relate to testing positive for marijuana, possessing a small amount, and not attending urinalysis as directed. With respect to the most recent violations, Bryant was detained by the Marshals in this case while in the Allegheny County Courthouse for purposes of a hearing on matters underlying this petition. This conduct suggests a lack of the intent to flee from pending charges. Further, Probation has clarified that Bryant's mother's residence is not in the "no trespass" zone. Consequently, home detention there would be appropriate.

      However, I echo Judge Kelly's concern regarding Bryant's possession of a gun. This is a clear violation of the terms of his supervised release.  Unlike issues relating to

possession and / or use of marijuana, the possession and brandishing of a gun, particularly in the presence of a large group of individuals and during an ongoing fight, suggests a danger to persons and / or the community. Further, Bryant's willingness to engage in such behavior after already having been subject to numerous verbal and written reprimands from the Probation Office, speaks to a certain recalcitrance. In short, I find that Bryant has not rebutted the presumption in favor of detention.

Consequently, the Government's Motion for Revocation (ECF No. 64) is GRANTED.

A hearing on the Petition is scheduled for January 4, 2022 at 11:15 a.m.

Dated: December 14, 2021

BY THE COURT:

_[signature]_

Donetta W. Ambrose
United States Senior District Judge